UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

ERIC L. ELLIS                                    CASE NO.  5:22-CV-00345

VERSUS                                           CHIEF JUDGE S. MAURICE HICKS, JR.

COREY PINCKLEY, ET AL.                           MAG. JUDGE KAYLA D. MCCLUSKY

<u>REPORT AND RECOMMENDATION</u>

Before the undersigned is a motion to remand, filed by Plaintiff Eric L. Ellis ("Ellis"). Defendant Capital One Auto Finance, a division of Capital One, N.A. ("Capital One") opposes the instant motion.  For the reasons assigned below, it is recommended that Ellis's motion be DENIED.

## I.      FACTUAL BACKGROUND

This case arises from an alleged unlawful repossession of a vehicle.  At some point, Ellis used Capital One to finance the purchase of a 2013 Dodge Ram truck ("the Truck").  [doc. #1-1, p. 14].  Ellis claims that on January 31, 2021, Corey Pinckley ("Pinckley"), an employee of Centurian Auto Recovery ("Centurian"), attempted to repossess the Truck.  *Id.*  Apparently, Ellis told Pinckley that he could not repossess it because Ellis had never received a notice of repossession.  Nevertheless, Pinckley ultimately repossessed the Truck.  *Id.*

On January 24, 2022, Ellis filed an amended complaint against Pinckley, Centurion, and Capital One in the First Judicial District Court for the Parish of Caddo.  [doc. #1-1, p. 13].  In his amended complaint, Ellis asserts claims for breach of contract, breach of peace, and violation of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692.  *Id.* at 14-15.

On February 3, 2022, Capital One removed to this Court on the basis of federal question jurisdiction over Ellis's FDCPA claim and supplemental jurisdiction over Ellis's related state law claims.  [doc. #1, p. 2].

On February 9, 2022, Capital One filed a motion to dismiss Ellis's FDCPA claim.  [doc. #7].  This motion is currently pending before the Court.

On February 14, 2022, Ellis filed the instant motion to remand.  [doc. #10].

On March 7, 2022, Capital One filed its opposition to the instant motion.  [doc. #19]. Ellis did not file a reply brief, despite having the opportunity to do so.[1]  Accordingly, this matter is ripe.

## II.    LEGAL STANDARD

A defendant may remove an action from state court to federal court, provided the action is one over which the federal court may exercise original jurisdiction.  *Manguno v. Prudential Property & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing 28 U.S.C. § 1441(a)).  The removing defendant bears the burden of establishing federal subject matter jurisdiction and ensuring compliance with the procedural requirements of removal.  *Id*.  Because federal courts are courts of limited jurisdiction, a suit is presumed to lie outside this limited jurisdiction unless and until the party invoking federal jurisdiction establishes to the contrary.  *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citation omitted).  The removal statutes are strictly construed in favor of remand.  *Manguno, supra*.

---

[1] Ellis did file a Motion for Summary Judgment [doc. #20] on the date his reply memorandum was due, but that motion has subsequently been denied by Chief Judge Hicks without prejudice to Ellis's right to re-urge the motion once the pending motions to remand and to dismiss have been ruled upon.

Federal courts have jurisdiction over suits "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The federal question "must be disclosed upon the face of the complaint, unaided by the answer." *Gully v. 1st Nat. Bank*, 299 U.S. 109, 113 (1936). Moreover, the Court has supplemental jurisdiction over any state law claim which is part of the same case or controversy as the plaintiff's federal claim. 28 U.S.C. § 1367(a).

### III.    ANALYSIS

In his motion to remand, Ellis acknowledges that he asserts a cause of action arising under federal law.[2] He contends, however, that this Court should grant the instant motion to remand because his FDCPA claim makes up only a small portion of his complaint and because he does not invoke the Constitution or treaties of the United States. *Id.* Ellis also argues that this Court cannot exercise supplemental jurisdiction over his state law claims because they do not share a common nucleus of operative fact with his FDCPA claim. *Id.* Ellis also appears to argue that, even if the Court can exercise supplemental jurisdiction, it should decline to do so under 28 U.S.C. § 1367(c).

This Court has original jurisdiction over Ellis's FDCPA claim. The FDCPA is a federal law and, thus, triggers federal question jurisdiction. *See Smith v. Barrett Daffin Frappier Turner & Engel, LLP*, 735 Fed. App'x 848, 853 (5th Cir. 2018). While Ellis is correct that he alleges multiple state law claims and only one claim arising under federal law, this fact does not strip the Court of subject matter jurisdiction. It is irrelevant that Ellis's state law claims make up a bigger percentage of his complaint than his federal law claims. *See Jackson v. Adcock*, No. 3-CV-3369,

---

[2] Although Ellis acknowledges that his FDCPA claim is a federal cause of action, he appears to allege that it is a constitutional violation claim. [doc. #10, p. 2]. However, the FDCPA is a federal statute, not a constitutional provision. 15 U.S.C. § 1692.

2004 WL 1857664, at *1 (E.D. La. Aug. 18, 2004) ("While plaintiff's state law claims may predominate, federal question jurisdiction, even when established by the presence of one federal claim, is not precluded by a host of state law claims.").  Ellis outlines facts relevant to the FDCPA under a heading entitled "D. Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692," and claims that he "suffered damages as a result of these violations of the FDCPA."  Ellis has invoked the FDCPA and, thus, federal question jurisdiction.[3]  Accordingly, based on the claims currently asserted in Ellis's amended complaint, this Court may exercise subject matter jurisdiction.

Moreover, this Court may exercise supplemental jurisdiction over Ellis's state law claims.  The FDCPA and state law claims both arise from the repossession of the Truck and, thus, are so related that they form part of the same case or controversy.  Furthermore, Ellis's claim that 28 U.S.C. § 1367(c)[4] requires this Court to decline to exercise supplemental jurisdiction is without merit.  As an initial matter, Ellis has not explained why any of the subparts

---

[3] Moreover, despite Ellis's arguments to the contrary, it is of no consequence that Ellis did not assert a cause of action under a United States treaty or the Constitution.  Ellis has asserted a cause of action under a federal law and, thus, federal question jurisdiction applies.  *See Holland/Blue Streak v. Barthelemy*, 849 F.2d 987, 989 (5th Cir. 1988) (asserting "a claim under a federal statute alone is sufficient to empower the District Court to assume jurisdiction over the case") (internal quotations and citations omitted).

[4] Title 28, United States Code, Section 1367(c) states in relevant part:

The district courts may decline to exercise supplemental jurisdiction over a claim . . . if –

(1) the claim raises a novel or complex issue of State law,
(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
(3) the district court has dismissed all claims over which it has original jurisdiction, or
(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

under 28 U.S.C. § 1367(c) apply, nor does the undersigned find that any of the subparts are applicable. Even if 28 U.S.C. § 1367(c) did apply, it merely permits, but does not require, the Court to decline to exercise supplemental jurisdiction. Accordingly, Ellis's argument that the Court cannot, or should not, exercise supplemental jurisdiction over his state law claims fails.

Accordingly, **IT IS RECOMMENDED** that Ellis's motion to remand be **DENIED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE in Chambers on this 5th day of April, 2022.

_____
KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE

5