UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ERIC L. ELLIS | CIVIL ACTION NO. 22-0345 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| COREY PINCKLEY, ET AL. | MAGISTRATE JUDGE MCCLUSKY |

**MEMORANDUM RULING**

Before the Court is Defendant Capital One Auto Finance, A Division of Capital One, N.A.'s ("COAF") Motion to Dismiss in Part Plaintiff's Amended Complaint (Record Document 7). Plaintiff Eric L. Ellis ("Ellis") has opposed the motion. See Record Document 9. COAF replied. See Record Document 16. For the following reasons, the Motion to Dismiss is **GRANTED** and Ellis's Fair Debt Collections Practices Act ("FDCPA") claim against COAF is **DISMISSED WITH PREJUDICE**.

**FACTUAL AND PROCEDURAL BACKGROUND**

In January 2022, Ellis filed an Amended Complaint against Defendants Corey Pinckley ("Pinckley"), COAF, and Centurion Auto Recovery ("Centurion"). See Record Document 1-1. The claims set forth in the Amended Complaint relate to the repossession of Ellis's vehicle. See id. Ellis alleges that he bought the vehicle, a 2013 RAM 1500 2WD Quad Cab, through financing by COAF. See id. at ¶ 7. He further alleges that on January 31, 2021, Pinckley, an employee of Centurion, attempted to repossess the vehicle. See id. at ¶ 8. Ellis alleges he was still inside his vehicle when Pinckley lifted the vehicle. See id. at ¶ 9. Ellis claims that once Pinckley realized someone was in the vehicle, he asked Ellis to get out of the vehicle as he was repossessing it. See id. at ¶ 11. Ellis alleges he told Pinckley that he could not repossess the vehicle because he had not received any

notice of repossession. See id. at ¶ 11. Ellis claims Pinckley again asked him to exit the vehicle and he refused. See id. at ¶ 12. Pinckley called the Bossier City Police Department for assistance. See id. at ¶ 13.

In the Amended Complaint, Ellis claims COAF was a "debt collector" under the FDCPA and sought to collect a consumer debt from him. See id. at ¶¶ 16, 17. He alleges that COAF violated the FDCPA. See id. at ¶ 18. Ellis maintains that he suffered damages as a result of these violations of the FDCPA. See id. at ¶ 19.

COAF now argues that Ellis's Amended Complaint does not meet the minimum pleading requirements of Federal Rule of Civil Procedure 8(a)(2) and, under Federal Rule of Civil Procedure 12(b)(6), Ellis fails to state a claim against COAF for violation of the FDCPA. See Record Document 7-1 at 2. More specially, COAF submits that it does not meet the definition of "debt collector" and is statutorily exempt under the FDCPA. See id. COAF seeks dismissal with prejudice of Ellis's FDCPA claim against it. See id.

## LAW AND ANALYSIS

**I.     Rule 12(b)(6) Motion to Dismiss**

Rule 8(a)(2) of the Federal Rules of Civil Procedure governs the pleading requirements to state a claim for relief. A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." F.R.C.P. 8(a)(2). The standard for the adequacy of complaints under Rule 8(a)(2) is one of "plausibility." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955 (2007). Under this plausibility standard, "factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555–56, 127 S. Ct. at 1965. If a pleading only contains

"labels and conclusions" and "a formulaic recitation of the elements of a cause of action," the pleading does not meet the standards of Rule 8(a)(2). Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citation omitted).

In conjunction with Rule 8, Federal Rule of Civil Procedure 12(b)(6) allows parties to seek dismissal of a party's pleading for failure to state a claim upon which relief may be granted. A court does not evaluate a plaintiff's likelihood for success, but instead determines whether a plaintiff has pleaded a legally cognizable claim. See Thompson v. City of Waco, Tex., 764 F.3d 500, 503 (5th Cir. 2014). Courts considering a motion to dismiss under Rule 12(b)(6) are only obligated to allow those complaints that are facially plausible under the Iqbal and Twombly standard to survive such a motion. See Iqbal, 556 U.S. at 678–79, 129 S. Ct. at 1949. If the complaint does not meet this standard, it can be dismissed. See id. Such a dismissal ends the case "at the point of minimum expenditure of time and money by the parties and the court." Twombly, 550 U.S. at 558, 127 S. Ct. at 1966.

## II.   Analysis

COAF seeks dismissal on the grounds that Ellis's FDCPA claim – as plead – fails to meet the requirements of Rule 8(a)(2).  COAF argues the factual allegations underpinning Ellis's FDCPA claim in the complaint are "nothing more than a threadbare recital of elements and conclusory statements."  Record Document 7-1 at 4.  There is no factual support for the contention that COAF is a debt collector or that its conduct violated the FDCPA.  See id.

Additionally, COAF submits that Ellis fails to state a claim to relief upon which relief may be granted because COAF is a creditor and is statutorily exempt from liability under

the FDCPA. COAF points to the definition of debt collection under 15 U.S.C. § 1962a(6), which provides:

> The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

COAF also notes that Ellis alleges elsewhere in his Amended Complaint that COAF is a creditor in this matter. See Record Document 1-1 at ¶ 7.

In response, Ellis cites to legal standards and argues he exceeds the standards for Rule 8(a)(2). See Record Document 9. He focuses on case law discussing repossession companies as "debt collectors" under the FDCPA and submits that "using this information . . . Pinckley and Centurion . . . [are] debt collector[s]." Record Document 9-1 at 2. Yet, he fails to allege that COAF is a repossession company or any facts establishing how COAF is otherwise subject to the FDCPA. Ellis gives no basis for his legal conclusion that COAF is a "debt collector" under the FDCPA and closes by submitting that his complaint "fully complies with the pleadings requirements of Federal Rule of Civil Procedure 8(a) and provides Defendants fair notice of the charges against them and the grounds therefor." Id. at 4.

Under the FDCPA, "a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Specifically, the FDCPA prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. To prevail on a FDCPA claim, a plaintiff must show that: "(1) [he has] been the object of collection activity arising

from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." Glass v. Finley, No. 3:19-CV-01216, 2020 WL 741826, at *8 (W.D. La. Jan. 17, 2020), report and recommendation adopted, No. 3:19-CV-01216, 2020 WL 749139 (W.D. La. Feb. 13, 2020).

The Court finds that Ellis did not allege requisite facts to support the second element of the FDCPA claim, that is, COAF is a debt collector as defined by the FDCPA. Ellis's allegations against COAF as to the FDCPA claim are nothing more than labels, threadbare recitals of legal elements, and conclusory, legal statements. Under 15 U.S.C. § 1692(6), "the term 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." By this plain language, the FDCPA applies to those collecting a debt on behalf of others. It does not apply to creditors collecting their own debts. See Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985) ("[A] debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned.").

Dixon v. General Motors Financial Corporation, No. 17-4492, 2018 WL 4701540 (E.D. La. Oct. 1, 2018), provides further persuasive guidance on this issue. In Dixon, the plaintiff had argued that GM Financial violated the FDCPA, but failed to provide any specific factual allegations to support such claim. See id. The district court held that plaintiff's FDCPA claim failed because the individual defendants were not "debt collectors"

subject to the FDCPA.  See id. at *4.  In their motion to dismiss, the individual defendants alleged that plaintiff's FDCPA claim failed because they were not "debt collectors" subject to the FDCPA, but rather were "officers and employees of creditors acting in the name of a creditor" to collect debts.  Id.  Thus, the FDCPA did not apply to them.  See id.  The court reasoned:

> The FDCPA applies to "debt collectors" and defines the term as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts . . . owed or due or asserted to be owed or due another."  The FDCPA defines a creditor as "any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another."  Pursuant to the 15 U.S.C. § 1692a(6), the term debt collector only applies to a creditor "who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts."
>
> Here, Plaintiff does not argue nor present any evidence showing that [the] Individual Defendants are "debt collectors."  Plaintiff's FDCPA claim fails as a matter of law because all Individual Defendants are employees of GM Financial, the holder of the lease and thus a "creditor," not subject to the FDCPA.

Id.

Here, Ellis makes the conclusory statement that COAF is a "debt collector" under the FDCPA.  But such a bald assertion – with nothing more – is insufficient to state a claim under the FDCPA.  The facts plead show that COAF was acting as a creditor and not collecting on the behalf of another.  COAF does not meet the definition of a "debt collector" under the FDCPA and the FDCPA claim must be dismissed.

## CONCLUSION

Based on the foregoing analysis, COAF's Motion to Dismiss in Part Plaintiff's Amended Complaint (Record Document 7) is **GRANTED**. Ellis's FDCPA claim against COAF is **DISMISSED WITH PREJUDICE**.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, on this the 27th day of September, 2022.

S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT