UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **ERIC L. ELLIS** | **CASE NO. 5:22-CV-00345** |
| **VERSUS** | **JUDGE S. MAURICE HICKS, JR.** |
| **COREY PINCKLEY ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

### REPORT & RECOMMENDATION

Pending before the undersigned Magistrate Judge, on reference from the District Court, are three motions: (1) a motion to dismiss, filed by Defendants John Doe; Lorenza Dewayne Levy, Jr.; and Fisher Nixon (collectively, the "Officer Defendants") [doc. #43]; (2) a motion to dismiss for failure to state a claim, filed by Defendant COAF Auto Finance ("COAF") [doc. #54]; and (3) a motion to amend/correct complaint, filed by Plaintiff Eric. L. Ellis [doc. #58]. For reasons assigned below, it is recommended that (1) the Officer Defendants' motion to dismiss [doc. #43], be GRANTED IN PART and DENIED IN PART and (2) COAF's motion to dismiss be GRANTED. It is further ORDERED that Ellis's motion to amend/correct [doc. #58], is DENIED.[1]

### Background

This case arises from an alleged unlawful repossession of a vehicle. At some point, Ellis financed the purchase of a 2013 Dodge Ram truck ("the Truck") through COAF. [doc. #1-1, p. 14]. Ellis claims that on January 31, 2021, Corey Pinckley ("Pinckley"), an employee of Centurion Auto Recovery ("Centurian"), attempted to repossess the Truck. *Id.* Apparently, Ellis told

---

[1] As this motion is not excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1.

Pinckley that he could not repossess it because Ellis had never received a notice of repossession. Nevertheless, Pinckley ultimately repossessed the Truck. *Id.*

On August 23, 2021, Ellis filed his original complaint against Pinckley and Centurion in the First Judicial District Court for the Parish of Caddo, asserting claims for breach of Louisiana repossession law; breach of contract; breach of peace; and extortion. [doc. #1-1, p. 13]. On January 24, 2022, Ellis filed an amended complaint against Pinckley, Centurion, and COAF. *Id.* In his amended complaint, Ellis asserts claims for breach of contract, breach of peace, and violation of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692. *Id.* at 14-15.

On February 3, 2022, COAF removed to this Court on the basis of federal question jurisdiction over Ellis's FDCPA claim and supplemental jurisdiction over Ellis's related state law claims. [doc. #1, p. 2].

On February 9, 2022, COAF filed a motion to dismiss Ellis's FDCPA claim. [doc. #7]. On September 27, 2022, the Court granted the motion and dismissed with prejudice Ellis's FDCPA claim against COAF. [doc. #32].

On February 14, 2022, Ellis filed a motion to remand. [doc. #10]. On May 4, 2022, the Court denied Ellis's motion to remand. [doc. #30].

On October 3, 2022, Ellis filed a motion for leave to file an amended complaint. [doc. #33]. Therein, Ellis sought to join four additional defendants: Kenneth Jackson; Bossier City Police Officer Fisher Nixon; Bossier City Police Officer Lorenza Dewayne Levy Jr.; and Bossier City Police Officer "John Doe." *Id.* Ellis also sought to allege new claims, including violations of his Fourth and Fifth Amendment rights under the United States Constitution; violations of due process and equal protection under the Louisiana Constitution; and various state tort claims. *Id.*

On December 13, 2022, the Court granted Ellis's motion to amend. [doc. #40].

On December 15, 2022, the Officer Defendants filed their motion to dismiss. [doc. #43]. Therein, they argue that Ellis's claims against them should be dismissed, because he has already alleged identical claims against them in another, earlier filed suit. *Id.* at 3. On December 20, 2022, Ellis filed his opposition to the motion. [doc. #45]. On December 22, 2022, the Officer Defendants filed their reply. [doc. #47]. On January 3, 2023, Ellis filed a reply. [doc. #52].

On January 10, 2023, Defendant COAF filed a motion to dismiss for failure to state a claim. [doc. #54]. Therein, it argues that Ellis's second amended complaint ("SAC") consists of conclusory allegations that fail to satisfy the pleading requirements of Federal Rules of Civil Procedure 8(a) and 10. [doc. #54-1, p. 4]. COAF also argues that Ellis's state law claims are not recognized under Louisiana law. *Id.* On January 20, 2023, Ellis filed his opposition. [doc. #56]. On January 27, 2023, COAF filed its reply. [doc. #60].

On January 20, 2023, Ellis filed a motion for leave to file a third amended complaint ("TAC'). [doc. #58]. Therein, Ellis seeks to add "newly discovered torts against COAF." *Id.* at 1. Ellis also seeks to allege "new counts based on conduct and practices uncovered by Plaintiffs and detailed in Defendants' own court filings." *Id.* On February 6, 2023, the Officer Defendants filed their opposition to Ellis' motion to amend. [doc. #62]. On February 10, 2023, Ellis filed his reply. [doc. #63].

Accordingly, these matters are ripe.

**Discussion**

I.  Standard of Review

   a. 12(b)(6) Motion to Dismiss

The Federal Rules of Civil Procedure sanction dismissal where the plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A pleading states a claim for

3

relief, inter alia, when it contains a "short and plain statement . . . showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Circumstances constituting fraud or mistake, however, must be alleged with particularity. Fed. R. Civ. P. 9(b).

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility does not equate to possibility or probability; it lies somewhere in between. *See Iqbal*, 556 U.S. at 663. Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *See Twombly*, 550 U.S. at 556. Although the court must accept as true all factual allegations set forth in the complaint, the same presumption does not extend to legal conclusions. *Iqbal,* 556 U.S. at 663. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id.* "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148 (5th Cir. 2010).

"The notice pleading requirements of Federal Rule of Civil Procedure 8 and case law do not require an inordinate amount of detail or precision." *Gilbert v. Outback Steakhouse of Florida Inc.*, 295 F. App'x. 710, 713 (5th Cir. 2008) (citations and internal quotation marks omitted). Further, "a complaint need not pin plaintiff's claim for relief to a precise legal theory. Rule 8(a)(2) of the Federal Rules of Civil Procedure generally requires only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of [her] legal argument." *Skinner v. Switzer*,

4

562 U.S. 521, 530 (2011). Indeed, "[c]ourts must focus on the substance of the relief sought and the allegations pleaded, not on the label used." *Gearlds v. Entergy Servs., Inc.*, 709 F.3d 448, 452 (5th Cir. 2013) (citations omitted). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl.*, 550 U.S. at 555).

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 663. A well-pleaded complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable, and that recovery is unlikely. *Twombly*, 550 U.S. at 556. Nevertheless, a court is compelled to dismiss an otherwise well-pleaded claim if it is premised upon an invalid legal theory. *Neitzke v. Williams*, 490 U.S. 319, 320 (1989).

When considering a motion to dismiss, courts generally are limited to the complaint and its proper attachments. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citation omitted). However, courts may rely upon "documents incorporated into the complaint by reference and matters of which a court may take judicial notice"—including public records. *Dorsey*, 540 F.3d at 338; *Norris v. Hearst Trust*, 500 F.3d 454, 461 (5th Cir. 2007) (proper to take judicial notice of matters of public record).

    b. *Rule 15 Motion for Leave to Amend*

Rule 15 of the Federal Rules of Civil Procedure provides that, upon application, the court shall grant a party leave to amend its pleading "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend pleadings is "entrusted to the sound discretion of the district court . . . ." *Quintanilla v. Tex. Television, Inc.*, 139 F.3d 494, 499 (5th Cir.1998) (internal quotation omitted). However, this standard is somewhat misleading because Rule 15 "evinces a

5

bias in favor of granting leave to amend." *Martin's Herend Imports v. Diamond & Gem Trading U.S.A. Co.*, 195 F.3d 765, 770 (5th Cir. 1999) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981)). Ultimately, a district court must have a "substantial reason" to deny a request for leave to amend. *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002) (internal citation omitted).

In deciding whether to grant a party leave to amend, the Court considers the following factors: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of the amendment. *Rosenzweig v. Azurix Corp.,* 332 F.3d 854, 864 (5th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Absent any of these factors, leave should be granted. *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citing, *Foman*, 371 U.S. at 182).

II. *Officer Defendants' Motion to Dismiss*

The Officer Defendants argue that all claims against them should be dismissed under the first-to-file rule because they are duplicative of the claims in *Ellis v. Nixon*, Civ. No. 5:21-cv-03856 (hereinafter, "*Ellis III*").

The undersigned agrees that Ellis's claims against the Officer Defendants should be dismissed, albeit on different grounds. On March 1, 2023, Judge S. Maurice Hicks, Jr., dismissed with prejudice Ellis's identical claims against the Officer Defendants in *Ellis III*. *Ellis v. Nixon*, Civ. No. 21-2856, 2023 WL 2309775, at *1 (W.D. La. March 1, 2023). Ellis did not appeal. As such, Ellis's claims against the Officer Defendants are now barred by *res judicata*.

"Under *res judicata*, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Houston Pro. Towing Ann'n v. City of Houston*, 812 F.3d 443, 447 (5th Cir. 2016) (quoting *Allen v.*

6

*McCurry*, 449 U.S. 90, 94 (1980)) (internal quotation marks omitted). "*Res judicata* has four elements: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Id.* (quoting *Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 466–67 (5th Cir. 2013)) (internal quotation marks omitted).

Here, each *res judicata* element is satisfied. First, the Officer Defendants in this suit are the same as those that Ellis sued in *Ellis III*. Second, a court of competent jurisdiction—this Court—rendered judgment in *Ellis III*. Third, *Ellis III* was concluded by a final judgment on the merits; Judge Hicks dismissed Ellis's claims with prejudice, and Ellis did not file a timely appeal. *See In re Paige*, 610 F.3d 865, 871–72 (5th Cir. 2010) (citing *Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 960 F.2d 1286, 1293 (5th Cir. 1992)). Fourth, the same claim was involved in both actions. The Court must apply a transactional test to determine whether the two suits involve the same claim or cause of action. *Houston Pro. Towing*, 812 F.3d at 447 (quoting *United States v. Davenport*, 484 F.3d 321, 326 (5th Cir. 2007)) (quotation marks omitted). "The transactional test focuses on whether the two cases are based on the same nucleus of operative facts." *Id.* The Court gives weight to "considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Id.* (quoting *Petro-Hunt, LLC v. United States*, 365 F.3d 385, 396 (5th Cir. 2004)).

Ellis's claims in this suit are based on the same factual episode as those in *Ellis III*—the alleged repossession of his vehicle in January 2021. *Compare* Second Amend. Compl. [doc. #41], *with Ellis*, 2023 WL 2309775, at *1. In *Ellis III*, Ellis alleged that "[o]n [January 30, 2021], Bossier

7

Police Officer Fisher Nixon [and Officer Lorenza Dewayne Levy Jr.] assisted a repossession agent with seizing the Plaintiff's vehicle." *Ellis III*, Amended Complaint [doc. #8]. In the instant suit, Ellis alleges that "[Centurion] made a false call to the Bossier City Police Department to get Bossier City Officers Fisher Nixon, Lorenza Dewayne Levy Jr. and Officer John Doe to assist them by unlawfully detaining Eric Ellis while [Centurion and its agents] seize the property successfully." [doc. #57]. Thus, *Ellis III* and the instant suit share the same nucleus of facts and arise from the same claim.

The mere fact that Ellis asserts different types of claims in the instant suit than he did in *Ellis III* does not mean that the two suits do not involve the same claim; whether the same nucleus of operative facts is present in both suits revolves around "the factual predicate of the claims asserted" rather than the type of claims brought. *Paige*, 610 F.3d at 872 (quoting *In re Ark-La-Tex Timber Co.*, 482 F.3d 319, 330 (5th Cir. 2007)) (internal quotation marks omitted). Thus, "the type of relief requested, substantive theories advanced, or types of rights asserted" is not controlling for purposes of the transactional test. *Id.*

The undersigned recognizes that, generally, *res judicata* must be pled as an affirmative defense. However, there are two limited exceptions. *McIntryre v. Ben E. Keith Co.*, 754 F. App'x 262, 264 (5th Cir. 2018). The first is relevant here and permits "dismissal by the court sua sponte on res judicata grounds in the interest of judicial economy where both actions were brought before the same court." *Id.* (quoting *Boone v. Kurtz*, 617 F.2d 435, 436 (5th Cir. 1980)) (internal punctuation omitted). Both *Ellis III* and the instant case are before this Court, and the relevant facts are contained in Ellis's complaint, which is nearly identical to the complaint filed in *Ellis III*. *See id.* (finding that the district court properly raised *res judicata sua sponte* where claims were

8

nearly identical to claims previously litigated before the same court). Thus, the Court may raise *res judicata sua sponte*.[2]

Accordingly, Ellis's claims against the Officer Defendants are barred by *res judicata*; consequently, they should be dismissed with prejudice.

### III.      COAF's Motion to Dismiss

COAF seeks dismissal of Ellis's claims for breach of contract, breach of peace, violation of due process and equal protection under the Louisiana Constitution, negligence, intentional infliction of emotional distress ("IIED"), negligent infliction of emotional distress ("NIED"), invasion of privacy, and conspiracy. [doc. #54].

COAF advances two main arguments. First, Ellis's complaint does not allege any misconduct specifically on the part of COAF and fails to allege COAF's vicarious liability for the misconduct of Centurion and its agents. [doc. #54-1, pp. 5–7]. Second, each of Ellis's claims fails to satisfy Rule 8's pleading standard. *Id.*

Upon review of Ellis's complaint, the undersigned observes that Ellis does not allege any facts specific to COAF as to the following claims: breach of peace; violation of due process and equal protection under the Louisiana Constitution; IIED; NIED; and invasion of privacy. Consequently, unless Ellis plausibly alleges COAF's vicarious liability for the actions of Centurion; Centurion's employees; or the Officer Defendants, those claims should be dismissed.

---

[2] The Court may recommend dismissal with prejudice *sua sponte*, so long as it provides notice of its intention and an opportunity to respond. *See Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) (fairness requires both notice of the court's intention and an opportunity to respond before dismissing *sua sponte* with prejudice). This Report & Recommendation shall provide Ellis with the required notice—he may respond by objecting to the R&R consistent with the procedure outlined below.

[doc. #54-1, p. 7]. Accordingly, the Court will first consider whether Ellis plausibly alleges COAF's vicarious liability. Next, the Court will consider the remaining claims individually.

    a. *Vicarious Liability*

COAF argues that Ellis fails to plausibly allege vicarious liability because he does not plead any facts to establish an employer/employee relationship between COAF and Centurion, Centurion's employees, or the Officer Defendants. [doc. #54-1, p. 7]. Rather, COAF contends that Ellis alleges only an independent contractor relationship. *Id.* at 8.

Under Louisiana law, "vicarious liability arises out of the employment relationship: 'the vicarious liability analysis requires two inquiries: (1) whether the defendant is the employer of the tortfeasor; and (2) whether the tortfeasor committed the tort while acting in the course of his employment.'" *Banks v. Alliance Offshore, LLC*, Civ. No. 22-3733, 2023 WL 1438322, at *3 (E.D. La. Feb. 1, 2023) (quoting *Johnson v. GlobalSantaFe Offshore Servs. Inc.*, 799 F.3d 317, 321 (5th Cir. 2015)). Further, "a principal is generally not liable for the acts of its independent

contractor."[3] *Echeverry v. Jazz Casino Co., LLC*, 988 F.3d 221, 228 (5th Cir. 2021) (citing *Graham v. Aramco Oil Co.*, 21 F.3d 643, 645 (5th Cir. 1994)). Thus, for Ellis to plausibly allege that COAF is vicariously liable for the conduct of the other Defendants, he must plausibly allege that there was an employer/employee relationship between COAF and Centurion, its employees, and the Officer Defendants.

"Under Louisiana law, the distinction between employee and independent contractor status is a factual determination to be decided on a case-by-case basis." *Energy XXI, GOM, LLC v. New Tech Eng'r*, 845 F. Supp. 2d 770, 775 (S.D. Tex. Jan. 10, 2012) (quoting *Tower Credit, Inc. v. Carpenter*, 825 So.2d 1125, 1129 (La. 2002)) (internal quotation marks omitted). "The term independent contractor connotes a freedom of action and choice with respect to the undertaking in question and a legal responsibility on the part of the contractor in case the agreement is not fulfilled in accordance with its covenants." *Id.* (quoting *Hickman v. So. Pac. Trans. Co.*, 262 So. 2d 385m, 390 (1972)) (internal quotation marks omitted).

---

[3] There are exceptions to this rule. One arises when the principal "retains operational control over the contractor's acts or expressly or impliedly authorizes those acts." *Echeverry*, 988 F.3d at 228 (quoting *Coulter v. Texaco, Inc.*, 117 F.3d 909, 912 (5th Cir. 1997)). Another arises when the principal "expressly or impliedly authorizes an unsafe practice." *Coleman v. BP Exploration & Prod., Inc.*, 19 F.4th 720, 731 (5th Cir. 2021). In his opposition, Ellis cites these exceptions, but provides no argument as to how they apply to the facts of this case, save for one paragraph alleging that COAF "should have known the work it was contracting to [Centurion] and its agents was dangerous. The work of a repo agent is already dangerous enough, but when the police are illegally called via a false report from the contractor that [COAF] hired, the work gets even more dangerous because the Police have been popularly unlawfully killing minorities without probable cause or reasonable suspicion more and more each year." [doc. #56, p. 5]. Drawing every reasonable inference in Ellis's favor, he still fails to plausibly allege that either of these exceptions apply. He makes no factual allegations as to the first exception. And as to the second, the Fifth Circuit explained in *Coleman* that the Court must focus "on what specifically made the underlying action unsafe." 19 F.4th at 732. In his opposition brief, Ellis argues that repossessions are inherently unsafe. However, he does not allege any facts to plausibly allege that COAF expressly or impliedly authorized COAF to "illegally call the police," which is what he contends made the repossession specifically unsafe. According, he fails to plausibly allege any vicarious liability exception.

11

The Court considers the following factors to determine an employee or contractor relationship existed: (1) whether there was a contract between the parties; (2) whether the work being done was of an independent nature such that the employee/contractor could employee non-exclusive means in accomplishing it; (3) whether the contract called for specific piecework as a unit to be done according to the employee/contractor's own methods, without being subject to the control and direction, in the performance of the service, of the employer/principal, except as to the result of the services rendered; (4) whether a specific price for the overall undertaking was agreed upon; and (5) whether the contract's duration is for a specific time and not subject to termination or discontinuance at the will of either side without a corresponding liability for its breach. *Id.* "The most important inquiry is whether the principal [or employer] retained the right to control the work. When applying this test, it is not the supervision and control actually exercised that is significant; the important question is whether, from the nature of the relationship, the right to do so exists." *Id.* (quoting *White v. Frederick*, 44,563, p. 5 (La. App. 2 Cir. 8/19/09), 17 So.3d 1016, 1019)) (internal quotation marks omitted).

At the 12(b)(6) stage, the Court must determine only whether Ellis's complaint contains sufficient facts to plausibly allege that an employer/employee relationship existed between COAF and Centurion, Centurion's employees, and the Officer Defendants. Upon review of Ellis's complaint, the undersigned finds that it does not. In his SAC's "Statement of Facts," Ellis makes no factual allegations as to COAF's relationship with Centurion, its employees, or the Officer Defendants. [doc. #41, p. 2–3]. Rather, Ellis makes the conclusory statement that "at all times in this lawsuit, Centurion Auto Recovery was acting on behalf of COAF Auto Finance." *Id.* at 2. This is insufficient to plausibly allege that COAF had an employer/employee relationship with any of the other Defendants. *See Delahoussaye v. Livingston Parish, La.*, Civ. No. 12-00481-SDD-

12

SCR, 2014 WL 4538074, at *3 (M.D. La. Sept. 11, 2014) (plaintiffs fail to allege existence of an employer-employee relationship where they allege only that they "provide their services" to defendant). The undersigned recognizes that Ellis argues in his opposition brief that COAF "employed" Centurion—however, for purposes of a motion to dismiss under Rule 12(b)(6), "the court may not go outside the complaint . . . ." *Norman v. Northland Grp.*, 495 F. App'x 425, 426 (5th Cir. 2012) (citing *Kennedy v. Chase Manhattan Bank USA, NA*, 369 f.3D 833, 839 (5th Cir. 2004)); *see also Skinner v. Gautreaux*, 549 F. Supp. 3d 493, 499 (M.D. La. July 20, 2021) (quoting *Roebuck v. Dothan Sec., Inc.*, 515 F. App'x 275, 280 (5th Cir. 2013)) ("[I]t is axiomatic that the complaint may not be amended by briefs in opposition to a motion to dismiss."). Nonetheless, even if the undersigned were to consider the allegations in Ellis's opposition, he would still fail to plausibly allege vicarious liability; Ellis's conclusory statement that COAF "employed" Centurion is insufficient to satisfy *Twombly*'s pleading standard.

Therefore, Ellis does not plausibly allege an employer/employee relationship between COAF and Centurion, nor any facts to indicate such a relationship existed sufficient to make COAF directly or vicariously liable for the actions of Centurion, Centurion's employees, or the Officer Defendants. *See Banks v. Alliance Offshore, LLC*, Civ. No. 22-3733, 2023 WL 1438322, at *3 (E.D. La. Feb. 1, 2023). Further, as Ellis does not allege any facts specific to COAF with regards to his claims for breach of peace; violation of due process and equal protection under the Louisiana Constitution; IIED; NIED; or invasion of privacy, these claims should be dismissed as to COAF.

 b. *Remaining Claims*

Still remaining are Ellis's claims against COAF for negligence, breach of contract, and conspiracy. The Court will consider each claim.

13

*1. Negligence*

Ellis contends that COAF "had a duty of care to Plaintiff to exercise reasonable care in legally obtaining Plaintiff's property in the event of a repossession." [doc. #41, p. 13]. Specifically, Ellis argues that COAF had a duty to design, maintain, and test repossession practices; implement processes that would detect an illegal repossession before it occurs; act on all complaints of illegal repossession; and maintain and implement repossession measures consistent with industry standard and train employees and franchisees on such policies and procedures. *Id.* Ellis also argues that it was foreseeable to COAF that he would "be harmed by the failure to protect his property from illegal seizure because repossession agents routinely violate the repossession laws to acquire meet [sic] employment goals." *Id.* at 14. Ellis alleges that COAF "breached the duties it owed to Plaintiff described above and thus were [sic] negligent." *Id.*

A plaintiff seeking to establish negligence under Louisiana law must prove each of five elements: (1) the defendant had a duty to conform his conduct to a specific standard of care (duty); (2) the defendant's conduct failed to conform to the appropriate standard of care (breach); (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (scope-of-duty); and (5) actual damages. *Nagle v. Gusman*, 61 F. Supp. 3d 609, 620 (E.D. La. Nov. 18, 2014) (citing *S.J. v. Lafayette Parish Sch. Bd.*, 41 So.3d 1119, 1125 (La. 2010)). "A plaintiff's failure to prove any one of these elements results in a determination of no liability." *Id.* (citing *Knight v. Kellogg Brown & Root Inc.*, 333 F. App'x 1, 6 (5th Cir. 2009) (applying Louisiana law)).

COAF does not appear to contest duty. [doc. #54-1, p. 10–11]. Rather, COAF argues that Ellis fails to plausibly allege breach. *Id.* COAF contends that Ellis "does not allege any fact even tending to suggest that COAF violated any of its alleged duties." *Id.* The undersigned agrees.

14

Ellis devotes one sentence in his SAC to COAF's alleged breach: "COAF breached the duties it owed to Plaintiff described above and thus were negligent." [doc. #41, p. 14]. This conclusory statement is insufficient to plausibly allege breach. *See Ashcroft*, 556 U.S. 662, at 663 ("[T]he tenet that a court must accept a complaint's allegations as true is inapplicable to the threadbare recitals of a cause of action's elements, supported by mere conclusory statements."). Ellis makes no factual allegations to support his conclusory statements; therefore, he does not plausibly state a negligence claim against COAF. This claim should be dismissed.

### 2. Breach of Contract

Under Louisiana law, a breach of contract claim has three elements: "(1) the obligor's undertaking an obligation to perform; (2) the obligor failed to perform the obligation (the breach); and (3) the failure to perform resulted in damages to the obligee." *IberiaBank v. Broussard*, 907 F.3d 826, 835 (5th Cir. 2018) (quoting *Favrot v. Favrot*, 68 So. 3d 1099, 1108–09 (La. App. 4 Cir. 2011)) (internal quotation marks omitted).

In his SAC, Ellis alleges that COAF "stipulated that it would act within the law in repossessing Plaintiff's vehicle due to default of payment." [doc. #41, p. 5]. "By failing to follow the law (La. Rev. Stat. § 6:966.B), [COAF] breached the Retail Installment Sale Contract between Plaintiff and [COAF] which states in part as follows: 'in taking possession, a secured party may proceed without judicial process if this can be done without a breach of peace.'" *Id.*

COAF argues that Ellis's breach of contract claim fails to satisfy Rule 8's pleading standard. [doc. #54-1, p. 18]. "Plaintiff's only allegation in support of his breach of contract claim is his conclusory allegation that COAF failed to follow the law by breaching the peace." *Id.* Thus, according to COAF, Ellis's breach of contract claim should be dismissed. The undersigned agrees.

15

Ellis's allegation that COAF "failed to follow the law" is devoid of any factual support;[4] consequently, he fails to satisfy Rule 8's pleading standard, and this claim should be dismissed.

    3. *Conspiracy*

In his SAC, Ellis asserts a conspiracy claim against all Defendants. [doc. #41]. In its motion to dismiss, COAF argues that Louisiana law does not recognize an independent cause of action for conspiracy. [doc. #54-1, p. 17]. In his opposition, Ellis appears to concede that Louisiana law "does not by itself impose lability for a civil conspiracy." [doc. #56, pp. 7–8]. Ellis argues that COAF and Centurion conspired to illegally repossess his vehicle and breach the peace. *Id.* Nonetheless, his SAC does not contain sufficient factual allegations to plausibly allege that COAF conspired to commit any unlawful act or that it assisted or encouraged Centurion to "illegally repossess" his vehicle. Therefore, Ellis's conspiracy claim should be dismissed as to COAF. *See Chrysler Credit Corp. v. Whitney Nat. Bank*, 51 F.3d 553, 557 (5th Cir. 1995) (La. Civ. Code art. 23254 requires that plaintiff must prove unlawful act and assistance or encouragement that amounts to a conspiracy).

---

[4] In his opposition brief, Ellis makes new factual allegations—specifically, that COAF breached the contract by "failing to seek a court order before illegally repossessing the plaintiff's property since the repossession resulted in a breach of peace." [doc. #56, p. 7]. Ellis also appears to allege that COAF provided his "private information" to Centurion who disclosed the information to its employees who disclosed the information to the Officer Defendants. *Id.* Ellis argues those disclosures were a breach of contract. *Id.* However, "the court does not consider additional facts that are alleged in a response brief but not in the complaint." *Purdin v. Wells Fargo Bank, N.A.*, No. 3:15-cv-3956-D, 2016 WL 1161808, at *3 (N.D. Tex. Mar. 23, 2016) (declining to consider additional facts first alleged by pro se plaintiff in a response brief) (citing *Leal v. McHugh*, 731 F.3d 405, 407 n. 2 (5th Cir. 2013)).

IV. *Ellis's Motion for Leave to Amend*

Also pending before the undersigned is Ellis's motion for leave to file a third amended complaint. [doc. #58]. Ellis seeks to amend to allege "newly discovered torts" against COAF, and to "distinguish from the claims that are not meant for [COAF]." *Id.* at 2.

Upon review of Ellis's proposed amended complaint and consideration of the relevant factors, the undersigned finds that leave to amend should be denied. Ellis has been afforded multiple opportunities to present viable claims: an original petition in state court as well as first and second amended complaints in this Court—not to mention *Ellis III*, the nearly-identical previous action that Ellis asserted against the Officer Defendants. Despite those many opportunities, Ellis has been unable to cure deficiencies. *See Benjamin v. Bank of New York Mellon*, Civ. No. 4:20-cv-00214, 2021 WL 672344, at *2 (S.D. Tex. Feb. 22, 2021) (citing *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 566 (5th Cir. 2002) (finding plaintiffs need not be afforded another opportunity to amend their complaint where they had already been given two opportunities to amend)).

Furthermore, amendment would be futile. Ellis's proposed third amended complaint ("TAC") suffers from the same deficiencies that doomed the first two: conclusory allegations devoid of factual assertions. Ellis seeks to allege nine new causes of action against various Defendants. However, his proposed claims consist only of "bare recitations" of the elements; none contain sufficient factual assertions to state a plausible claim for relief. Consequently, Ellis's proposed claims would be subject to dismissal under Rule 12(b)(6) and, therefore, amendment would be futile. *See Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000) (amended complaint is futile if it would fail to state a claim upon which relief could be granted). Accordingly, Ellis's motion for leave to amend is denied.


## Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that the Officer Defendants' motion to dismiss [doc. #43], be **GRANTED IN PART** and **DENIED IN PART**.[5] To the extent that the Officer Defendants seek dismissal of Ellis's claims against them, their motion should be **GRANTED** and Ellis's claims against them should be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that COAF's motion to dismiss [doc. #54], be **GRANTED** and Ellis's claims against COAF be **DISMISSED WITH PREJUDICE.**

**IT IS ORDERED** that Ellis's motion for leave to amend/correct [doc. #58], is **DENIED**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

---

[5] To the extent that the Officer Defendants seek dismissal without prejudice under the first-to-file rule, their motion should be denied.

In Chambers, at Monroe, Louisiana, on this 25th day of May, 2023.

_____
KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE