UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ERIC L. ELLIS | CIVIL ACTION NO. 22-0345 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| COREY PINCKLEY, ET AL. | MAGISTRATE JUDGE MCCLUSKY |

**MEMORANDUM ORDER**

Before the Court is Plaintiff Eric L. Ellis's ("Ellis") Motion for Summary Judgment. See Record Document 81. Ellis has also filed two memoranda in support of his motion. See Record Document 84 & 85. Ellis submits that he is entitled to judgment as a matter and seeks an order reversing the dismissal of Defendants Capital One Auto Finance, A Division of Capital One, N.A. ("COAF") and Bossier City Police Officers Fisher Ray Nixon, Lorenza Dewayne Levy, Jr., and John Doe ("the Bossier City Police Officer Defendants"). Defendants opposed the motion. See Record Document 86. No reply was filed.

This case arises from the alleged unlawful repossession of a 2013 Dodge Ram truck that Ellis financed the purchase of through COAF. On May 25, 2023, Magistrate Judge McClusky issued a Report and Recommendation recommending that (1) the Bossier City Officer Defendants' motion to dismiss be granted in part and denied in part and (2) COAF's motion to dismiss all claims against it be granted. See Record Document 65. As to the Bossier City Officer Defendants, Magistrate Judge McClusky recommended that the motion be granted on the basis of *res judicata* (dismissal with prejudice) and denied on the basis of the first-to-file rule. See id. at 6-9. With respect to the *res judicata* dismissal, Magistrate Judge McClusky reasoned:

> On March 1, 2023, Judge S. Maurice Hicks, Jr., dismissed with prejudice Ellis's identical claims against the Officer Defendants in Ellis III.

> Ellis v. Nixon, Civ. No. 21-2856, 2023 WL 2309775, at *1 (W.D. La. March 1, 2023). Ellis did not appeal. As such, Ellis's claims against the Officer Defendants are now barred by *res judicata*.
>
> "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Houston Pro. Towing Ann'n v. City of Houston, 812 F.3d 443, 447 (5th Cir. 2016) (quoting Allen v. McCurry, 449 U.S. 90, 94 (1980)) (internal quotation marks omitted). "Res judicata has four elements: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." Id. (quoting Comer v. Murphy Oil USA, Inc., 718 F.3d 460, 466–67 (5th Cir. 2013)) (internal quotation marks omitted).
>
> Here, each *res judicata* element is satisfied. . . .
>
> . . .
>
> The undersigned recognizes that, generally, *res judicata* must be pled as an affirmative defense. However, there are two limited exceptions. McIntryre v. Ben E. Keith Co., 754 F. App'x 262, 264 (5th Cir. 2018). The first is relevant here and permits "dismissal by the court sua sponte on res judicata grounds in the interest of judicial economy where both actions were brought before the same court." Id. (quoting Boone v. Kurtz, 617 F.2d 435, 436 (5th Cir. 1980)) (internal punctuation omitted). Both Ellis III and the instant case are before this Court, and the relevant facts are contained in Ellis's complaint, which is nearly identical to the complaint filed in Ellis III. See id. (finding that the district court properly raised *res judicata sua sponte* where claims were nearly identical to claims previously litigated before the same court). Thus, the Court may raise *res judicata sua sponte*.
>
> Accordingly, Ellis's claims against the Officer Defendants are barred by *res judicata*; consequently, they should be dismissed with prejudice.

Id.

As to the claims against COAF, Magistrate Judge McClusky found that Ellis did not allege any facts specific to COAF as to the breach of peace, violation of due process and equal protection under the Louisiana Constitution, IIED, NIED, and invasion of privacy claims. See id. at 9. She likewise recommended dismissal of the vicarious liability claim

because Ellis did not plausibly allege an employer/employee relationship between COAF and Centurion Auto Recovery ("Centurion") and no facts indicated such a relationship existed sufficient to make COAF directly or vicariously liable for the actions of Centurion, Centurion's employees, or the Officer Defendants. See id. at 13. Finally, Magistrate Judge McClusky recommended the dismissal of Ellis's (1) negligence claim because he had no factual allegations to support his conclusory statements; (2) breach of contract claim because he did not satisfy Rule 8's pleading requirements; (3) conspiracy claim because his second amended complaint did not contact sufficient factual allegations to plausibly allege that COAF conspired to commit any unlawful act or that it assisted or encouraged Centurion to illegally repossess his vehicle. See id. at 15-16.

Ellis filed objections to the Report and Recommendation on June 1, 2023. See Record Document 67. The Bossier City Police Officer Defendants filed a response to Ellis's objections. See Record Document 68. The undersigned adopted the Report and Recommendation in its entirety on July 7, 2023. See Record Document 74.

It appears that Ellis is attempting to use the instant Motion for Summary Judgment as a means to vacate this Court's July 6, 2023 order adopting Magistrate Judge McClusky's Report and Recommendation.[1] Yet, there appears to be no legal or justifiable reason for this Court to vacate its prior ruling. The parties against whom Ellis now seeks relief have already been dismissed by this Court. The July 6, 2023 ruling is the law of the case. The law of the case doctrine "prevents collateral attacks against the court's rulings during the pendency of a lawsuit." Loumar, Inc. v. Smith, 698 F.2d 759, 762 (5th Cir. 1983). The doctrine serves "to enhance judicial efficiency and to assure the finality of

---

[1] The Court inadvertently labeled the July 6, 2023 order as a "Judgment" even though the ruling did not dispose of all claims and all parties.

judicial determinations." Id. It is a "rule of practice, based upon sound policy that when an issue is once litigated and decided, that should be the end of the matter." Id. "The law of the case doctrine is not, however, a barrier to correction of judicial error." Id. Here, the Court does not believe Ellis has shown – or that in actuality there was – judicial error in its July 6, 2023 ruling. Thus, Ellis's Motion for Summary Judgment (Record Document 81) is **DENIED** pursuant to the law of the case doctrine.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana on this 6th day of August, 2024.

_____
United States District Judge