UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ERIC L. ELLIS | CIVIL ACTION NO. 22-0345 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| COREY PINCKLEY, ET AL. | MAGISTRATE JUDGE MCCLUSKY |

**MEMORANDUM ORDER**

Before the Court are two motions filed by Plaintiff Eric L. Ellis ("Ellis"). The first is a Motion to Take Judicial Notice (Record Document 89) and the second is a Motion for Judgment on the Pleadings (Record Document 90). Defendants Corey Pinckley ("Pinckley") and Centurion Auto Recovery ("Centurion") filed a combined response to both motions. See Record Document 94. No replies were filed.

This case arises from the alleged unlawful repossession of a vehicle. At some point, Ellis financed the purchase of a 2013 Dodge Ram truck ("the Truck") through Capital One Auto Finance ("COAF"). Ellis claims that on January 31, 2021, Pinckley, an employee of Centurion, attempted to repossess the Truck. Apparently, Ellis told Pinckley that he could not repossess the Truck because Ellis had never received a notice of repossession. Nevertheless, Pinckley ultimately repossessed the Truck. Ellis alleges that certain Bossier City Police Officers Fisher Nixon, Lorenza Dewayne Levy, Jr., and John Doe (the "Bossier City Officer Defendants") assisted the repossession agent with seizing his vehicle.

**Motion to Take Judicial Notice**

Ellis asks the Court to take judicial notice of three facts: (1) the authenticity of the YouTube video footage showing the encounter between him and the Bossier City police

officer at the time of the repossession; (2) Pinckley, Centurion, and Kenneth Jackson ("Jackson") – a Centurion employee – do not hold a Common Carrier Certificate with the Louisiana Public Service Commission ("LPSC"); and (3) Ellis and COAF entered into a retail installment contract and the copy of the contract attached to his motion is authentic. See Record Document 89 at 1-3.  Ellis argues that these facts surrounding the seizure of his vehicle meet the test enunciated in the Federal Rules of Evidence as they can be easily determined by accurate sources and/or their accuracy cannot reasonable be questioned.  See id. at 3.

> Rule 201(b) of the Federal Rules of Evidence provides
>
> Kinds of Facts That May Be Judicially Noticed. The court may judicially notice a fact that is not subject to reasonable dispute because it:
>
> > (1) is generally known within the trial court's territorial jurisdiction; or
> >
> > (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

Fed. R. Evid. 201.  The Advisory Committee Notes for subdivision (b) further explain:

> The usual method of establishing adjudicative facts is through the introduction of evidence, ordinarily consisting of the testimony of witnesses. If particular facts are outside the area of reasonable controversy, this process is dispensed with as unnecessary. ***A high degree of indisputability is the essential prerequisite.***

Id. (emphasis added).  With this legal standard in mind, the Court does not believe the facts set forth by Ellis are the type of adjudicative facts contemplated by Rule 201(b).  The YouTube videos and the retail installment contract are not generally known in the court's territorial jurisdiction.  Moreover, they were provided by Ellis and the defense has the right to reasonably question them. The purported letter from the LPSC concerning Pinckley's common carrier certificate is hearsay and is unauthenticated.  Additionally, the defense

submits that Pinckley and Centurion will attempt to establish that at the time of the repossession, they were in fact licensed by the Louisiana Office of Financial Institutions, the entity responsible for the licensing of non-depository agencies and agents which perform repossessions for financial institutions.  These are not the type of "adjudicative facts" encompassed by Rule 201(b) and Ellis's Motion to Take Judicial Notice (Record Document 89) is **DENIED**.

**Motion for Judgment on the Pleadings**

It appears Ellis is seeking judgment against all defendants under Rule 12(c) of the Federal Rules of Civil Procedure.  Yet, on July 6, 2023, this Court dismissed COAF and the Bossier City Officer Defendants.  See Record Document 74.  Jackson was dismissed by this Court on October 27, 2023.  See Record Document 93.  Thus, the only remaining defendants are Pinckley and Centurion.

Rule 12(c) governs when and how a Motion for Judgment on the Pleadings is presented:

> Motion for Judgment on the Pleadings. After the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings.

Fed. R. Civ. P. 12(c).  Ellis filed the instant motion on October 13, 2023.  At that time, the pleadings in this case had not been closed and the motion was premature.  Additionally, the pleadings and the record as a whole demonstrate that there are a multitude of material, disputed facts in this case.  Specifically, there are affidavits from Jackson (Record Document 22-1) and Pinckley (Record Document 22-2) directly controverting Ellis's allegations in his complaints and the arguments in this dispositive motions.  "A Rule 12(c) motion may dispose of a case when there are no disputed material facts and the

court can render a judgment on the merits based on the substance of the pleadings and any judicially noticed facts." Linicomn v. Hill, 902 F.3d 529, 533 (5th Cir. 2018) (internal quotations and citations omitted). Accordingly, Ellis's Motion for Judgment on the Pleadings (Record Document 90) must be **DENIED**.

    **IT IS SO ORDERED.**

    **THUS DONE AND SIGNED**, in Shreveport, Louisiana on this 8th day of August, 2024.

                                                         _____
                                                         United States District Judge