UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ERIC L. ELLIS | CIVIL ACTION NO. 22-0345 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| COREY PINCKLEY, ET AL. | MAGISTRATE JUDGE MCCLUSKY |

**MEMORANDUM ORDER**

Before the Court is a Motion to Declare Pro Se Plaintiff Eric Ellis a Vexatious Litigant filed by Defendants Bossier City Police Officers Fisher Nixon and Lorenza Dewayne Levy, Jr. and the City of Bossier City (collectively the "Bossier City Defendants"). See Record Document 107. The Bossier City Defendants submit that Ellis's repeated vexatious filings warrant sanctions, specifically injunctive relief limiting his ability to file future pleadings in this Court against Bossier City (including any city agency or employee) relating to or arising from the January 2021 repossession of his vehicle. See id. On February 29, 2024, Ellis was given fourteen (14) days to file a memorandum in opposition to the motion. See Record Document 108. To date, Ellis has not responded to the motion.

Ellis has filed three lawsuits in this Court arising from the alleged unlawful repossession of his 2013 Dodge Ram truck. In each of the three cases, he has asserted claims against Bossier City, its officers, and the Bossier City Police Department. A summary of the cases is set forth below:

### Ellis I

On April 5, 2021, Ellis filed his first federal suit against Capital One Auto Finance ("COAF"), Centurion Auto Recovery ("Centurion"), and the Bossier City Police Department. See Eric Ellis v. Capital One Auto Finance, et al., United States District Court, Western District of Louisiana, Shreveport

Division, Docket No. 21-cv-0903-EEF-MLH ("Ellis I"). On April 30, 2021, Judge Foote *sua sponte* dismissed the case without prejudice for lack of subject matter jurisdiction. See Record Documents 5 & 13 in Ellis I.

### Ellis II (the instant action)

On August 31, 2021, Ellis filed suit in state court, naming Centurion, COAF, and Corey Pinckley as defendants. See Eric L. Ellis v. Cory Pinckley, et al., First Judicial District Court, Caddo Parish, Louisiana, Docket No. 632,234-B ("Ellis II"). Neither Bossier City nor any city employee or agency was originally named as a defendant in Ellis II.

COAF removed Ellis II on February 3, 2022. See Record Document 1. On December 13, 2022, this Court granted Ellis's motion for leave to file an amended complaint, which permitted Ellis to add Officers Nixon and Levy, as well as fictitious Bossier City Police Officer "John Doe" as defendants in the instant action. See Record Document 40. Two days later, Officers Nixon and Levy moved to dismiss based on the first-to-file rule (Record Document 43), arguing that Ellis's claims in the instant matter were duplicative of his claims in a previously filed suit, Ellis III (discussed *infra*). Ellis again moved to amend his complaint, which this Court denied. See Record Document 66. On July 6, 2023, this Court granted Officers Nixon and Levy's motion to dismiss on the basis of *res judicata* because, by the time of that ruling, Ellis's claims in Ellis III had been dismissed. See Record Documents 65 & 74. Ellis appealed. See Record Document 76. The Fifth Circuit dismissed his appeal for lack of jurisdiction. See Record Document 83. Ellis then twice asked for a certificate of appealability. See Record Documents 99 & 101. This Court denied both requests. See Record Documents 100 & 102.

On December 29, 2023, Ellis filed his Third Amended Complaint—without seeking or obtaining leave of court—naming Bossier City and Officers Nixon and Levy, among others, as Defendants. See Record Document 103. After motions to strike were filed by the Bossier City Defendants and COAF, Centurion, and Corey Pinckley, the Third Amended Complaint has been stricken. See Record Documents 105, 112 & 119.

### Ellis III

On November 2, 2021, Ellis essentially refiled Ellis I in this Court, naming as Defendants Officers Nixon and Levy, and the Bossier City Police Department. See Eric Ellis v. Fisher Ray Nixon, et al., United States District Court, Western District of Louisiana, Shreveport Division, Civil Action No. 5:21-cv-3856-SMH-MLH ("Ellis III"). Shortly after the filing of Ellis III, Magistrate Judge Hornsby issued an order explaining that the Bossier City Police Department was not an entity capable of being sued and suggesting

to Ellis that he may wish to amend his Complaint.  See Record Document 5 in Ellis III.  Ellis subsequently sought and was granted leave to file an amended complaint.  See Record Documents 6 & 7.  In his motion to amend, Ellis declared his intention to remove Fisher Ray Nixon, Lorenza Dewayne Levy Jr., and the Bossier City Police Department as Defendants in Ellis III.  The Amended Complaint named only Bossier City as a defendant.  See Record Document 8 in Ellis III.

Bossier City filed a Motion to Dismiss in response to the Amended Complaint.  See Record Document 11 in Ellis III.  While that motion was pending, and before Bossier City had even answered, Ellis filed a Motion for Summary Judgment.  See Record Document 16 in Ellis III.  On September 28, 2022, this Court granted Bossier City's Motion to Dismiss, dismissing Ellis's claims against Bossier City with prejudice.  See Record Documents 34 & 35 in Ellis III.

Next, Ellis responded to this Court's Notice of Intent to Dismiss for failing to serve the Bossier City Police Department and Officers Nixon and Levy, by filing what he styled "Plaintiff's Original Complaint."  Record Documents 19 & 22 in Ellis III.  This Court construed that filing as a Motion to Reinstate Ellis's claims against Officers Nixon and Levy, and granted Ellis additional time to serve them.  See Record Document 23 in Ellis III.  Ellis was subsequently granted more time to serve Officers Nixon and Levy.  See Record Documents 24 & 25 in Ellis III.  Finally, Ellis purportedly served Officers Nixon and Levy on May 11, 2022.  See Record Document 26 in Ellis III.  This was the first time Ellis had ever (purportedly) served Officers Nixon and Levy.

Officers Nixon and Levy moved to dismiss Ellis's claims in Ellis III on June 1, 2022. See Record Document 27 in Ellis III.  On March 1, 2023, this Court granted their motion, dismissing Ellis's claims against Officers Nixon and Levy with prejudice, and also denied Ellis's motion for summary judgment.  See Record Document 37 & 38 in Ellis III.  Ellis III was closed.  See Record Document 38 in Ellis III.

Courts possess the inherent power "to protect the efficient and orderly administration of justice and . . . to command respect for the court's orders, judgments, procedures, and authority."  Obama v. United States, No. 3:09-CV-226-, 2010 WL 668847, at *5 (N.D. Tex. Feb. 24, 2010) (quoting In re Stone, 986 F.2d 898, 902 (5th Cir. 1993)). Included in this inherent power is the "power to levy sanctions in response to abusive litigation practices." Obama, 2010 WL 668847 at *5. Sanctions may be

appropriate when a pro se litigant has a history of submitting multiple frivolous claims. See id. (citing Fed. R. Civ. P. 11; Mendoza v. Lynaugh, 989 F.2d 191-195-97 (5th Cir. 1993)). Pro se litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." Farguson v. MBank Hous., N.A., 808 F.2d 358, 359 (5th Cir. 1986). Courts in the Fifth Circuit have adopted the Tenth Circuit's advisory that "injunctions restricting further filings are appropriate where the litigant's lengthy and abusive history is set forth," and that is proper for the court to "provide[ ] guidelines as to what the litigant may do to obtain its permission to file and action," provided that the "litigant received notice and an opportunity to oppose the court's order before it was implemented." Flores v. U.S. Att'y Gen., No. 1:14-CV-198 2015 WL 1088782, at *4 (E.D. Tex. Mar. 4, 2015) (citing Andrews v. Heaton, 483 F.3d 1070, 1077 (10th Cir. 2007) (internal citation omitted)).

Ellis has been declared a vexatious filer in the Northern District of Texas. See Ellis v. City of Fort Worth, No. 4:23-CV-685-P, 2023 WL 5004411, at *1 (N.D. Tex. July 12, 2023), report and recommendation adopted, No. 4:23-CV-00685-P-BJ, 2023 WL 5004072 (N.D. Tex. Aug. 4, 2023). Now, the undersigned believes that Ellis's litigation record in this Court has risen to the prevalence and level of harassment where sanctions are appropriate. Based on the foregoing, the Motion to Declare Pro Se Plaintiff Eric Ellis a Vexatious Litigant (Record Document 107) is **GRANTED**. The Court orders that Ellis is declared a vexatious litigant and is hereby warned that (1) monetary sanctions may be imposed for future vexatious litigation considered to be abusive and harassing in nature, and (2) that he must obtain leave of court before filing additional complaints in this Court

against Bossier City (including any city agency or employee) relating to or arising from the January 2021 repossession of his vehicle.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana on this 8th day of August, 2024.

_____
United States District Judge