UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ERIC L. ELLIS | CIVIL ACTION NO. 22-0345 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| COREY PINCKLEY, ET AL. | MAGISTRATE JUDGE MCCLUSKY |

**MEMORANDUM ORDER**

During the November 14, 2024 pretrial conference, the Court ordered supplemental briefing in relation to evidentiary issues and other contentions made by Plaintiff Eric L. Ellis ("Ellis") relating to subject matter jurisdiction. See Record Document 133 at 2-3. Supplemental briefing was also ordered in regard to objections to trial exhibits. See id. Supplemental briefing has now been filed. See Record Documents 137, 138, 139, 140, 141, 144, and 145.

Subject Matter Jurisdiction

In the Proposed Pretrial Order (Record Document 130), Ellis contends that this Court lacks jurisdiction to hear the merits of the case because "this subject matter has already been finally adjudicated on the merits in Ellis v. Nixon, Civ No. 21-[3]856, 2023 WL 2309775." Id. at 3. Ellis was ordered to file a brief regarding his assertion that this Court lacks subject matter jurisdiction. See Record Document 133 at 2.

Ellis now contends that "the district court forfeited its subject matter jurisdiction when it granted the defendant's motion to dismiss based on *res judicata*." Record Document 137 at 2. Ellis goes on to reference Rule 19, mandatory joinder, and indispensable parties. See id. at 2-7. It appears Ellis is challenging the Court's order adopting the Report and Recommendation of the Magistrate Judge, wherein Ellis's claims

against Officers Fisher Nixon, Dewayne Levy, and John Doe were dismissed with prejudice on the basis of *res judicata* and Ellis's claims against Capital One Auto Finance were dismissed with prejudice due to failure to state a claim upon which relief can be granted. See Record Documents 65 and 74. Ellis argues:

> The revocation or reconsideration of the district court's interlocutory dismissal of defendants Capital One, City of Bossier, City of Bossier City Officers Fisher Ray Nixon, Lorenza Dewayne Levy Jr. and Officer John Doe is warranted in this case because the dismissed defendants' absence prejudices the plaintiff and the judgment in this case will be wholly inconsistent with equity and good conscience.

Record Document 137 at 7.

As noted by Defendants in the Proposed Pretrial Order (Record Document 130), Ellis asserted a violation of the Fair Debt Collection Act ("FDCA"), 15 U.S.C. § 1692, thereby implicating federal law and giving rise to jurisdiction under 28 U.S.C. § 1331. Even after the dismissal of Ellis's FDCA claim(s), this Court has supplemental jurisdiction over Ellis's remaining state law claims against Defendants Centurion Auto Recovery and Corey Pinckley because such claims form part of the same case or controversy as his claims under federal law. Thus, Ellis's contention that this Court lacks subject matter jurisdiction is without merit.

Common Carrier

In relation to Ellis's trial exhibits, the defense objected to Ellis's records request to the Louisiana Public Service Commission ("LPSC") and the LPSC Executive Secretary Colby Cook's response to such request. See Record Document 130 at 5-6. Ellis maintains that these exhibits bear on the issue of whether Defendant Corey Pinckley had a common carrier certificate. Ellis was directed to file a brief demonstrating the relevance

and the legal basis on which Defendant Corey Pinckley was required to have a common carrier certificate.  See Record Document 133 at 2.

Ellis's brief on this issue, and Defendants' response thereto, are now before the Court.  See Record Documents 138 and 141.  Ellis's brief largely focuses on the Uniform Commercial Code and a law review article discussing self-help in the context of repossession.  See Record Document 138.   Ellis then submits that his public information request reveals that Defendant Corey Pinckley did not have the requisite common carrier certificate required under Louisiana Revised Statute 9:966(D)(2) to authorize his usage of a tow truck during the repossession.  See id. at 6.

Ellis's public records request was dated September 14, 2023.  See Record Document 138-1 at 2.  The response stating that "Corey Pinckley . . . is not registered with the Commission as a registered common carrier" was dated September 18, 2023.  Id. at 4.  Thus, even assuming registration status is relevant to Ellis's breach of peace claim, the correspondence does not establish that Defendant Corey Pinckley was not a registered common carrier with the Public Service Commission in January 2021, the time of the repossession at issue in this case.  Thus, the challenged exhibits lack proper foundation and are inadmissible.

News Articles

In relation to Ellis's trial exhibits, the defense objected to certain news articles about the arrest of Defendant Corey Pinckley.  See Record Document 130 at 6.  At the pretrial conference, the Court held such articles to be hearsay and ordered Ellis to file a brief citing any applicable exceptions to the hearsay rule.  See Record Document 133 at 2-3.

Ellis submits in his brief that such articles are admissible as other evidence of crimes, wrongs, or acts under Federal Rule of Evidence 404(b)(2). See Record Document 139 at 2, 5-14. He further maintains that such articles are self-authenticating under Federal Rule of Evidence 902(6). See id. at 4-5. Ellis maintains that extrinsic evidence under Rule 404(b) serves a non-hearsay purpose. See id. at 8.

Based on the showing made in his brief, Ellis has not satisfied the Court's directive to cite to an applicable exception to the hearsay rule. Thus, this Court is left with the Fifth Circuit's pronouncement that newspaper articles are inadmissible hearsay. See James v. Texas Collin Cnty., 535 F.3d 365, 374 (5th Cir. 2008), citing Roberts v. City of Shreveport, 397 F.3d 287, 295 (5th Cir.2005). The defense objection to the challenged exhibits is sustained and the KTAL, KSLA, and Shreveport Times articles are inadmissible.

Suppression of Evidence/Body Camera Footage

In the Proposed Pretrial Order, Ellis objected to one defense exhibit, that is, the photos of his 2013 Dodge RAM 1500 taken after the vehicle was towed to Centurion Auto Recovery's lot. See Record Document 130 at 6-7. Ellis maintained that "this evidence was obtained illegally and is known as the 'fruit of the poisonous tree.' This means that since the illegal search and seizure of [Mr.] Ellis's vehicle by the Bossier City Police Officers is the 'tree,' then the evidence obtained is also tainted and cannot be used in court. Rules 402 and 403 of the Federal Rules of evidence prohibits the admission of illegally seized evidence." Id. At the pretrial conference, the Court ordered Ellis to file a brief fully explaining his objection and specifically outlining why Rules 402 and 403 prohibit the admission of such evidence. Ellis's brief on this issue – styled as a Motion to

Suppress, and Defendants' response thereto, are now before the Court. See Record Documents 140 and 145.

In his brief, Ellis requests that the body camera footage from the City of Bossier City police officers and the photos collected subsequent to the repossession be suppressed. See Record Document 140 at 3. He cites the Fourth Amendment and maintains that he had a reasonable expectation of privacy and that the actions of the police officers were unreasonable and in violation of his constitutional rights. See id. at 4-5.

The Court notes that the body camera footage is beyond Ellis's original objection and is actually listed as one of Ellis's exhibits at trial. Additionally, "the Supreme Court has never applied the exclusionary rule to civil cases, state or federal." See Wren v. Towe, 130 F.3d 1154, 1158 (5th Cir. 1997), citing City of Waco v. Bridges, 710 F.2d 220, 225 (5th Cir.1983). Accordingly, Ellis's Motion to Suppress (Record Document 140) is **DENIED**. His objections to the body camera footage and the photos of Ellis's 2013 Dodge RAM 1500 truck are overruled and such exhibits are admissible.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana on this 23rd day of January, 2025.

_____
United States District Judge