UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ERIC L. ELLIS | CIVIL ACTION NO. 22-0345 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| COREY PINCKLEY, ET AL. | MAGISTRATE JUDGE MCCLUSKY |

**MEMORANDUM ORDER**

Before the Court is *pro se* Plaintiff Eric L. Ellis's ("Ellis") Motion to Vacate and Remand. See Record Document 173. Ellis submits that his amended complaint should be remanded to state court because removal was improper and this Court lacks subject matter jurisdiction. See id. Further, he requests that Capital One Auto Finance pay costs and the actual expenses incurred by him as a result of the improper removal. See id. Defendants have opposed the motion. See Record Document 176.

On February 3, 2025, this Court entered a Final Judgment in this matter. See Record Document 168. The Judgment provided in pertinent part:

> This cause came for trial by jury before this Court on January 27, 2025 . . . .
>
> After the plaintiff concluded his case, counsel for the defendants orally moved for Judgment as a Matter of Law under Fed. R. Civ. P. 50(a). Outside the presence of the jury, and for reasons orally stated, the Court granted the defendants' motion, finding that the plaintiff failed to meet his burden of proof to establish a breach of peace under La. R.S. 6:955(C), and dismissed the plaintiff's claims against the defendants, with prejudice. The plaintiff objected to the Court's ruling.
>
> Accordingly,
>
> IT IS ORDERED, ADJUDGED AND DECREED that judgment is herein rendered in favor of the defendants, CORY PINCKLEY and CENTURION AUTO RECOVERY, dismissing the plaintiff's claims against them, with prejudice.

<u>Id.</u> Ellis filed a Notice of Appeal on February 3, 2025. <u>See</u> Record Document 169.

Filing a notice of appeal has "jurisdictional significance." <u>Sandres v. Louisiana Div. of Admin.</u>, 551 F. App'x 95, 98 (5th Cir. 2013). Generally, "it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." <u>Id.</u> District courts may, however, "proceed with matters not involved in the appeal." <u>Id.</u> The Fifth Circuit has reasoned that a matter before the district court is a piece of the case involved in the appeal only if the appeal and the claims before the district court address the same legal issue. <u>See id.</u>

Here, Ellis's arguments that the Court lacks subject matter jurisdiction were addressed – and rejected by the Court – during the course of the case. <u>See</u> Record Documents 4, 10, 30, 130, 137, 156, and 161. Thus, once Ellis filed his Notice of Appeal, jurisdiction was conferred on the court of appeals and divested from this Court as to any Ellis's contentions regarding jurisdiction. Ellis's Motion to Vacate and Remand (Record Document 173) is **DENIED**.[1]

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana on this 11th day of June, 2025.

_____
United States District Judge

---

[1] Defendants request for sanctions is **DENIED**.

2