## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

| | |
|---|---|
| ERIC L. ELLIS | CIVIL ACTION NO. 22-0345 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| COREY PINCKLEY ET AL. | MAGISTRATE JUDGE MCCLUSKY |

### ORDER

Before the Court is Plaintiff Eric L. Ellis's ("Ellis") "Motion for Relief from Void Judgment Pursuant to Fed. R. Civ. P. 60(b)(4)." Record Document 180. Ellis maintains the judgment dismissing Capital One Auto Finance ("COAF") was void because the Court lacked personal jurisdiction over COAF. He further submits the judgment was void because it violated core due process principles.

The Fifth Circuit has recognized two circumstances in which a judgment may be set aside under Rule 60(b)(4): 1) if the initial court lacked subject matter or personal jurisdiction; and 2) if the district court acted in a manner inconsistent with due process of law. See Callon Petroleum Co. v. Frontier Ins. Co., 351 F.3d 204, 208 (5th Cir. 2003). Because federal courts regulate the scope of their own jurisdiction, a Rule 60(b)(4) challenge to jurisdiction should be sustained only where there is a "clear usurpation of power" or "total want of jurisdiction." Id., citing Nemaizer v. Baker, 793 F.2d 58, 64–65 (2nd Cir.1986). When a court has both subject matter and personal jurisdiction, the sole inquiry is whether the district court acted in a manner so inconsistent with due process as to render the judgment void. See id. at 210. "Such circumstances are rare because due process in civil cases usually requires only proper notice and service of process and a court of competent jurisdiction." Id. Even serious procedural irregularities during the course of a civil case typically do not warrant collateral attack on the judgment. See id.

Here, the Court finds that at all times relevant, it had subject matter jurisdiction over the case and personal jurisdiction over COAF.  Notwithstanding, COAF waived any objection to the Court's personal jurisdiction over it because it failed to raise the issue of personal jurisdiction in its Rule 12(b)(6) motion.  Federal Rule of Civil Procedure 12(h)(1) provides that a party waives the defense of lack of personal jurisdiction by "omitting it from a motion in the circumstances described in Rule 12(g)(2)." F.R.C.P. 12(h)(1)(A).  Rule 12(g)(2) prohibits a party from a raising a defense "that was available to the party but omitted from its earlier [Rule 12] motion."  F.R.C.P. 12(g)(2). Thus, lack of personal jurisdiction is waived if a party omits the defense from a Rule 12 motion and the defense was "available." Jackson v. FIE Corp., 302 F.3d 515, 523 (5th Cir. 2002); Cactus Pipe & Supply Co. v. Montmartre, 756 F.2d 1103, 1107-08 (5th Cir. 1985).  Moreover, this is not a case where it can be said the district court acted in a manner so inconsistent with due process as to render the judgment void.  Thus, the instant motion is **DENIED**.

    **IT IS SO ORDERED.**

    **THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 30th day of January, 2026.

                                                    S. Maurice Hicks, Jr.
                                               United States District Judge